**UNITED STATES of America, Plaintiff,**

v.

**Edwin Bernard ASTACIO– ESPINO, Defendant.**

**Criminal No. 10–357 (FAB).**

United States District Court, D. Puerto Rico.

Nov. 3, 2010.

Ilianys Rivera–Miranda, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

Francisco Rebollo–Casalduc, Francisco Rebollo Casalduc Law Office, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant's motion requesting an order requiring his presence at the status conference scheduled for November 4, 2010. (Docket No. 41.) Having considered the motion and the arguments contained within it, the Court hereby **DENIES** the motion, (Docket No. 41), and expresses its dissatisfaction with the quality of its content.

## BACKGROUND

On May 13, 2010, the government filed a criminal complaint against defendant Edwin Bernard Astacio–Espino ("defendant") alleging three counts, including disabling an aircraft in the special jurisdiction of the United States, endangering the lives of two individuals engaged in the operation of a helicopter and killing a third, and discharging a firearm in furtherance of a violent crime. (Docket No. 3.) A grand jury later returned an indictment charging defendant with: (1) destruction of an aircraft in violation of 18 U.S.C. §§ 32(a)(1), 34; (2) using, carrying, and possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1); (3) performing an act of violence in a manner likely to endanger an aircraft in violation of 18 U.S.C. § 32(a)(6); and (4) possession of a machine gun in violation of

18 U.S.C. §§ 922(*o* ), 924(a)(2). (Docket No. 19.) On May 20, 2010, the government certified that the offenses charged in the complaint carried a maximum penalty of death, and requested that the Court identify this case as capital. (Docket No. 7.) Following his arrest and initial detention, a detention hearing was held on September 8, 2010. (Docket No. 15.) At that hearing, Chief Magistrate Judge Justo Arenas found defendant to be a flight risk and a danger to the community. (Docket No. 16.) Magistrate Judge Arenas issued an order of detention pending trial finding that "no condition or combination of conditions will reasonably assure his appearance as required or the safety of any other person and the community." (Docket No. 17 at 6–7.)

On October 25, 2010, defendant filed a motion requesting that the Court order his presence at a status conference scheduled for November 4, 2010. (Docket No. 37.) On the same day, the Court denied that motion without prejudice and ordered defendant to explain why his presence at that status conference is necessary. (Docket No. 38.) On November 1, 2010, defendant filed a motion in compliance with the Court's order, arguing that he had an absolute right to attend the status conference, but providing no other explanation as to why his presence would be necessary or helpful. (*See* Docket No. 41.) The government has filed no opposition to either of defendant's motions regarding his presence at the November 4, 2010, status conference.

## DISCUSSION

### I. Defendant's Presence at the Status Conference

Defendant argues that he "has an absolute right to be present at every stage of the criminal process against him if he wishes to assert that right, particularly in a case such as the one at bar where not only his liberty is at stake, but his life as well." (Docket No. 41 at 3.) While the Court recognizes the seriousness of the charges against the defendant, and specifically addresses those circumstances below, it is quite clear that defendant does not have the absolute right which he claims in his motion. The Federal Rules of Criminal Procedure clearly delineate those proceedings at which a defendant's attendance is required, and those at which it is not. *See* Fed.R.Crim.P. 43.

Federal Rule of Criminal Procedure 43 ("Rule 43") requires a defendant's presence during: "(1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing." Fed.R.Crim.P. 43(a). The same rule expressly provides that a defendant need not be present during, *inter alia,* a "proceeding involv[ing] only a conference or hearing on a question of law." Fed.R.Crim.P. 43(b)(3). Defendant argues that "[b]y implication, if the proceeding is one where a question of fact, as opposed to a question of law, is involved, then the defendant's presence is not excused by Rule 43." (Docket No. 41 at 2.) Defendant continues this argument, with absolutely no legal support, to state that his absence at the status conference scheduled for November 4, 2010, would constitute a violation of Rule 43 if the matters discussed at that conference "touch upon 'a question of fact'—which neither party can guarantee one way or the other." (Docket No. 41 at 2–3.) Defendant points to no other case, statute or rule supporting the position that he has any right or entitlement to attend a status conference this early in the proceedings. (*See* Docket No. 41.)

Defendant marshals no specific circumstances regarding the November 4, 2010, status conference to support his argument that Rule 43 mandates his attendance.

*See id.* He points to no particular matter likely to be raised at the status conference that would involve issues of fact sufficient to require his presence. *See id.* Furthermore, the record reveals no pending motions regarding factual or evidentiary matters having the potential to shift the upcoming status conference into anything other than a "conference or hearing on a question of law." *See* Fed.R.Crim.P. 43(b)(3). Thus, the status conference scheduled for November 4, 2010, falls clearly into the category of proceedings at which a defendant's presence is not required pursuant to Rule 43. *See United States v. Malinowski,* 347 F.Supp. 347, 355 (E.D.Pa.1972) (holding a defendant's presence unnecessary at conferences addressing collateral matters which "could not be considered a stage of trial within [Rule 43]").

Because defendant has no entitlement to attend the November 4, 2010, status conference and has not provided the Court with any explanation of why his presence at that conference is necessary, defendant's request to be present at the aforementioned status conference is **DENIED.**

## II. Conduct and Demeanor Expected From Attorneys in this Case

Although none are specifically applicable to the presence of a defendant at court proceedings, defendant does cite several cases to illustrate the longstanding principle that "death is different." (*See* Docket No. 41 at 5.) Indeed, the gravity of proceedings where that extreme and irreversible punishment is contemplated certainly distinguishes death penalty cases from other criminal matters. Death penalty cases raise special concerns which are the "natural consequence of the knowledge that the execution is the most irremediable and unfathomable of penalties." *See, e.g., Ford v. Wainwright,* 477 U.S. 399, 411, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). It is in that vein that the Court expresses its dissatisfaction with the quality of the motion filed by defendant's counsel. The motion contains very little relevant legal authority, strains tortuous arguments, and ultimately rests on unsupported conclusions.[1]

The potential consequences of these proceedings being what they are, the Court expects all attorneys of record to treat this case with the careful consideration and heightened diligence warranted by its subject matter. Defendant's motion (Docket No. 41) falls far short of these expectations. Motions shall be supported by appropriate legal authority with sufficiently adequate citation to allow the Court to evaluate them properly.[2] Attorneys shall display candor and cooperate with the Court to ensure the integrity and efficiency of all proceedings in this case. Any future deviation from this standard will not be tolerated.

### CONCLUSION

For the reasons expressed above, the Court **DENIES** defendant's motion requesting an order requiring his presence at the status conference scheduled for November 4, 2010, (Docket No. 41). All attorneys of record in the case should take

---

1. For example, the motion includes a bizarre argument that "the system must ensure that [defendant] be allowed to participate and witness every proceeding that the government will hold which may impact to any degree his liberty and his life" because he "did not consent to being detained without bail." (*See* Docket No. 41 at 4.) Defendant provides no authority and no serious argument as to why a lack of consent to pretrial detention pending trial would create a right to attend every proceeding in a criminal case. *See id.*

2. The only citation to legal authority in support of defendant's specific arguments regarding Rule 43 contained the incorrect reporter for that particular case. (Docket No. 41 at 3.)

notice of the Court's dissatisfaction and conduct themselves accordingly in future proceedings.

**IT IS SO ORDERED.**